IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LAURA RAINE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:19-CV-231-RP |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court is Plaintiff Laura Raine's ("Raine") Motion for Partial Summary Judgment on Liability, (Dkt. 38); Defendant United States of America's ("Defendant") Opposition to Plaintiff's Motion for Partial Summary Judgment, (Dkt. 39); and Raine's Reply in Support of Motion for Partial Summary Judgment on Liability, (Dkt. 40). Having considered the parties' submissions, the record, and the applicable law, the Court will grant Raine's partial motion for summary judgment.

**I. BACKGROUND**

This case is about a car accident. According to the complaint, on the morning of March 25, 2016, Raine, in her Fiat 500, was traveling west on the frontage road of Highway 290 towards the intersection with Interstate 35. (Pet., Dkt. 1-1, at 7). As she went through the intersection on a green light, another car, driven by Walter Alleyne ("Alleyne"), collided with hers. (*Id.*; Raine Decl., Dkt. 38-1, at 3). Raine stated that Alleyne had been traveling north on the I-35 frontage road and entered the intersection from Raine's left and ran a red light. (Raine Decl., Dkt. 38-1, at 3). According to Raine, Alleyne apologized to Raine after the collision, saying that he had been using navigation on his phone. (*Id.*).

At the time of the accident, Alleyne was an employee of Defendant. (Def. Admission, Dkt. 38-1, at 26). Alleyne worked for FEMA in 2016 but has since retired. (Alleyne Depo., Dkt. 38-1, at 11). At the time of the accident, Defendant admits Alleyne was acting within the course and scope of his employment with FEMA. (Def. Admission, Dkt. 38-1, at 26). During his deposition, Alleyne said he did not recall the details of the accident and mostly relied on two accident reports that were filled out on the day of the accident rather than testify in detail about the accident. (Alleyne Depo., Dkt. 38-1, at 14). One report was the police department report, and the other was an internal FEMA accident report. (*Id.*; Police Rep., Dkt. 38-1, at 35–36; FEMA Rep., Dkt. 38-1, at 30–33). There is no information in either of those reports or in Alleyne's deposition testimony about whether Alleyne ran a red light.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact is material if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quotations and footnote omitted). When reviewing a summary judgment motion, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. Further, a court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent

summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Furthermore, the nonmovant is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* After the nonmovant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted. *Miss. River Basin Alliance v. Westphal,* 230 F.3d 170, 175 (5th Cir. 2000).

### III. DISCUSSION

Raine seeks partial summary judgment on the issue of liability. Raine argues that because the uncontradicted evidence establishes that Defendant's employee ran a red light and Defendant does not dispute vicarious liability for Alleyne's conduct, the Court should enter summary judgment in her favor on the issue of liability. Raine contends that the evidence shows that (1) she entered the intersection on a green light; (2) Alleyne, who entered the intersection on a different road and to Raine's left, ran a red light and hit her car; and (3) Defendant "does not dispute the question of vicarious liability of Mr. Alleyne's conduct under the doctrine of *respondeat superior*, conceding that Mr. Alleyne was acting within the course and scope of his employment for the United States at the time of the collision." (Mot. Summ. J., Dkt. 38, at 4).

Based on the evidence, Raine has established the absence of a genuine issue of material fact. In its opposition, Defendant does not dispute that Raine entered the intersection on a green light. (Resp. Mot. Summ. J., Dkt. 39). With respect to whether Alleyne ran a red light, Raine testified that

her light was green and that, based on her "personal experiences and observations with that intersection from years of driving it," since she had a green light, Alleyne had a red light. (Raine Decl., Dkt. 38-1, at 3). Raine has made her initial showing that there is no evidence to support Defendant's case. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 587. The burden now shifts to Defendant to come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Id.*

Defendant sets forth no evidence to controvert Raine's evidence. Defendant merely contends that the Court should infer from the "silence" of the accident reports as to whether he ran a red light that Alleyne "had nothing to report regarding the traffic light, *i.e.*, that they were green." (*Id.* at 1–2). In the face of Raine's evidence, the Court declines Defendant's invitation to infer from the silence of Alleyne's accident reports that Alleyne had a green light. That is, at best, an improbable inference and insufficient to defeat a motion for summary judgment. *Turner*, 476 F.3d at 343. During his deposition, Alleyne was asked if he recalled running a red light before he hit Raine. (Alleyne Depo., Dkt. 38-1, at 14). He responded, "No, sir." (*Id.*). When asked again if he ran a red light, he replied, "I don't know." (*Id.*). And, when asked for the third time whether he could not say one way or another whether he ran a red light, he answered, "I couldn't tell you." (*Id.*). Alleyne's lack of recollection fails to controvert Raine's summary judgment evidence. *See, e.g.*, *Dural v. Discover Prop. & Cas. Ins. Co.*, No. 6:08-CV-0281, 2010 WL 3259416, at *1 (W.D. La. July 15, 2010) (finding that a truck driver, who "did not know if the light was red or green when he entered the intersection," caused an accident when the other evidence showed that the stricken driver had a green light).

Defendant attempts to defeat summary judgment by arguing that Raine failed to meet "her burden with respect to *respondeat superior*." (Resp. Mot. Summ. J., Dkt. 39, at 2). Citing the Federal Tort Claims Act ("FTCA"), Defendant contends that Raine must establish that Alleyne was in the scope of his employment, which Defendant has admitted, and "the state law predicate for *respondeat*

4

*superior.*" (*Id.*) (citing 28 U.S.C. § 1346(b)(1)). Raine responds that Defendant's argument is meritless, "as it is well-settled in the Texas common law that *respondeat superior* liability for negligence is established by showing that the negligence occurred while the employee was acting within the course and scope of his or her employment—a fact that Defendant stipulates to here." (Reply, Dkt. 40, at 1). Defendant is correct that Texas law governs liability in this FTCA case. *Estrada v. United States*, No. 2:13-CV-139, 2014 WL 5823107, at *3 (S.D. Tex. Nov. 7, 2014) ("Thus, because this accident occurred in Texas, Texas law governs the United States' liability in this case.") (citing *Villafranca v. United States*, 587 F.3d 257, 260 (5th Cir. 2009)). The rest of Defendant's argument does not follow. Under Texas Law, an employer is vicariously liable for the torts of its employee when the employee is acting within the course and scope of employment. *Doe v. Apostolic Assembly of Faith in Christ Jesus*, 452 F. Supp. 3d 503, 517 (W.D. Tex. 2020) (citing *Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 576 (Tex. 2002)). Defendant has admitted that much. (Def. Admission, Dkt. 38-1, at 26). Defendant's liability for Alleyne's conduct is therefore not in dispute. Raine is entitled to summary judgment on the issue of liability.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Plaintiff's Motion for Partial Summary Judgment on Liability, (Dkt. 38), is **GRANTED**.

**SIGNED** on April 8, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE